[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Following a bench trial, the defendant-appellant, Alioune Barry, was found guilty of one count of rape, in violation of R.C. 2907.02(A)(1), and one count of gross sexual imposition, in contravention of R.C.2907.05(A). Barry was acquitted of a second count of gross sexual imposition. Barry was sentenced to confinement in the department of corrections for a period of seven years for the rape conviction. On appeal, Barry now raises two assignments of error: (1) that the evidence was insufficient to sustain his convictions or that the convictions were against the manifest weight of the evidence; and (2) that the trial court erred as a matter of law when it sentenced him.
In the review of the sufficiency of the evidence to support a conviction, "the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."[1] The conviction will not be disturbed unless the reviewing court holds that reasonable minds could not reach the conclusion reached by the trier of fact.[2]
To reverse a trial court's judgment on the manifest weight of the evidence, a reviewing court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and conclude that, in resolving the conflicts in the evidence, the trier of fact clearly lost its way and created a manifest miscarriage of justice.[3] A new trial should be granted only in exceptional cases where the evidence weighs heavily against the conviction.[4]
After reviewing the record in the light most favorable to the prosecution, we are convinced that a rational trier of fact could have concluded that the elements of rape and gross sexual imposition had been established. The victim, Spaulding, suffered from cerebral palsy and was confined to a wheelchair. Barry was Spaulding's bus driver when the offenses occurred while she was strapped in on the bus for her safety. Spaulding testified that Barry, against her will, touched her breast and inserted his fingers into her vagina. This activity occurred while they were the only two people on the bus. After it concluded, she testified, she was told by Barry not to tell anyone. As Barry knew where she lived, Spaulding was afraid to tell anyone what had happened. Spaulding later confided in a neighbor, among several others, who urged her to report the incident, and Spaulding did. The state presented testimony from several witnesses who were also told at different times by Spaulding what had transpired. Based on the record, a rational trier of fact could have found that the elements of rape and gross sexual imposition had been proved beyond a reasonable doubt.
Moreover we are convinced that the trial court properly weighed the evidence. The court apparently found the testimony of the victim credible, particularly about her lack of consent, even though several years had passed since the events occurred. Because the weight to be given the evidence and the credibility of the witnesses were primarily for the trier of fact,[5] we cannot say that, as a matter of law, the trial court improperly weighed the evidence. Since the evidence presented at trial appropriately supported Barry's rape and gross-sexual-imposition convictions, and we are not persuaded that the trial court lost its way by finding Barry guilty of the two crimes, we overrule Barry's first assignment of error.
In the second assignment of error, Barry argues that the trial court erred when it imposed more than the minimum sentence, and that he should have received credit for time already served. The trial court has agreed that Barry should receive credit for time served and has already filed an entry to that effect, rendering this argument moot. We therefore only address Barry's contention that he should have received no more than the minimum sentence.
The law provides for the sentence imposed. Barry was found guilty of both a first-degree and a lesser degree felony, but was given one seven-year period of incarceration. For a first-degree felony, a prison term of three to ten years is permitted. Thus, the trial court was permitted to impose a seven-year period of incarceration for the two offenses. The trial court engaged in a weighing of the seriousness and recidivism factors of R.C. 2929.12 and specifically noted that the victim had cerebral palsy and was a passenger on a bus while Barry was the driver when the nonconsensual sexual activity occurred. The trial court did comply with R.C.2929.14(B) and the dictates of State v.Edmonson[6] when it imposed more than the minimum sentence upon Barry, who had not previously served a term of imprisonment. The trial court marked on the felony-sentencing worksheet both of the permitted statutory findings permitting a departure from the minimum sentence, i.e., that the shortest term would both demean the seriousness of the offense and not adequately protect the public from future crime. Accordingly, we overrule Barry's second assignment of error.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Hildebrandt and Winkler, JJ.
[1] State v. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus, following Jackson v. Virginia (1979), 443 U.S. 307,99 S.Ct. 2781; State v. Twyford, 94 Ohio St.3d 340, 354, 2002-Ohio-894,763 N.E.2d 122.
[2] See State v. Jenks, supra, at 273, 574 N.E.2d 492.
[3] State v. Thompkins (1997), 78 Ohio St.3d 380, 386,678 N.E.2d 541.
[4] See id. at 387, 678 N.E.2d 541.
[5] See State v. DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus.
[6] See State v. Edmonson, 86 Ohio St.3d 324, 1999-Ohio-110,715 N.E.2d 131.